OPINION
 "NO. 1 ABUSE OF DUE PROCESS AND TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT INVIOLATION [SIC] OF THE 5th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLES ONE AND TWO OF THE OHIO CONSTITUTION. AND TO BE EQUALY [SIC] PROTECTED UNDER THE SAME SAID ARTICLES AND CONSTITUTION OF THE UNITED STATES"
On September 16, 1996, appellant pled no contest to charges of petty theft, in violation of R.C. 2913.02, and felonious assault, in violation of 2903.11(A)(1). By an order journalized on October 22, 1996, appellant was then convicted by the court of those charges and sentenced.
On August 5, 1997, appellant filed a "Motion to Reduce Sentence to Conform with New House Bill (2) and Amended House Bill (269) on Emergency Declarations." Appellant argued that he was entitled to be resentenced under Am.Sub.S.B. No. 2, as amended by S.B. No. 269. In an order journalized September 10, 1997, the trial court denied appellant's motion on the ground that this law was not applicable relying on the decision of this court in Statev. Mills (Aug. 29, 1997), Wood App. No. WD-97-012, unreported.
On October 30, 1997, appellant sought an appeal to this court from the trial court's September 10, 1997 judgment. This court initially dismissed this case on the grounds that the appeal was not timely filed. However, that decision was reversed on reconsideration because appellant had given his notice of appeal to prison authorities within the required time period.
While appellant labels his request in the form of a motion, it is really a petition for post-conviction relief. Statev. Kinion (Sept. 15, 1997), Wood App. No. WD-97-026, unreported. Under R.C. 2953.21(A)(2), a post-conviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C.2953.21(A)(2); State v. Wasserman (Oct. 23, 1997), Erie App. No. E-97-065, unreported, and State v. Kinion (Sept. 30, 1997), Wood App. No. WD-97-026, unreported. R.C. 2953.23 provides an exception to the filing deadline, but the exception is not applicable under the facts of this case.
Since appellant was convicted and sentenced in October 1996 and did not file his petition for post-conviction relief until August 1997, his petition for post-conviction relief is untimely.
When a petition is untimely, the trial court must proceed in accordance with R.C. 2953.23(A) which states:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."(Emphasis added.)
While the trial court reached the merits of appellant's petition for post-conviction relief, it should not have. Rather, it should have proceeded in accordance with R.C. 2953.23.
Accordingly, we find appellant's assignment of error moot because the trial court's judgment denying appellant's petition for post-conviction relief on the merits is void. This appeal is hereby dismissed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
APPEAL DISMISSED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.